NOT DESIGNATED FOR PUBLICATION

Nos. 116,435
116,436

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHERRY L. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 29, 2017. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Sherry L. Taylor appeals from the district court's revocation of her probation in two criminal cases. At her probation revocation hearing, Taylor stipulated to committing a new crime of theft as well as to other violations of the terms of her probation. As such, the district court revoked her probation and imposed her underlying sentences. On appeal, Taylor contends that the district court should have issued an intermediate sanction. Under the circumstances presented, we find that the district court acted in accordance with the law and did not abuse its discretion. Thus, we affirm.

1

On August 21, 2014, the State charged Taylor with one count of burglary—in violation of K.S.A. 2014 Supp. 21-5807(a)(2), (c)(1)(B)—in Sedgwick County Case No. 14 CR 2119. A few months later, on February 10, 2015, the State charged Taylor with six additional counts—possession of methamphetamine, possession of an opiate, misdemeanor possession of marijuana, misdemeanor possession of drug paraphernalia, driving while license is suspended or cancelled, and failure to use a turn signal in Case No. 15 CR 435. Ultimately, Taylor pled guilty to all of the charges in the two cases and the district court accepted her plea.

On August 14, 2015, the district court sentenced Taylor to 29 months of prison time in Case No. 14 CR 2119 but placed her on 24 months of probation. In Case No. 15 CR 435, the district court sentenced Taylor to 32 months of prison time but once again placed her on 24 months of probation. The district court also ordered 12 months of supervised postrelease supervision in both cases. Furthermore, the district court ordered that the sentence in Case No. 15 CR 435 run consecutive to the sentence in Case No. 14 CR 2119.

On May 6, 2016, the district court issued a warrant for Taylor's arrest in both cases based on the allegation that she had committed a new crime in April 2016, and that she had failed to notify her probation officer of her contact with law enforcement. A few weeks later, the district court issued a second warrant alleging that Taylor failed to comply with the terms of her probation in several other ways, including failure to make payments towards court costs and failure to successfully complete a cognitive skills class.

On June 30, 2016, the district court held a probation revocation in both cases. At the revocation hearing, Taylor stipulated to the probation violations alleged by the State. Although the parties requested a 120-day sanction, the district court determined that

2

Taylor was no longer amenable to probation. Accordingly, the district court revoked Taylor's probation and imposed the underlying sentences in the two criminal cases.

ANALYSIS

On appeal, Taylor contends that the district court abused its discretion by denying her request for an intermediate sanction. However, as Taylor candidly concedes, because she committed a new crime while on probation, the district court had discretion to revoke her probation without imposing an intermediate sanction. Instead, Taylor argues that "just because the district court *could* impose her full underlying sentence does not mean that it *should* have done so."

A district court's decision whether to revoke a defendant's probation generally involves two parts: (1) a factual determination as to whether the State has established a violation of one or more of the conditions of probation by a preponderance of the evidence, and (2) a discretionary determination as to whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]). Here, Taylor stipulated to a number of violations of the terms of her probation. Thus, we will move to the issue of whether the district court abused its discretion in revoking Taylor's probation and imposing her underlying prison sentences.

We start from the premise that the granting of probation is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). When an offender violates the terms of his or her probation, a decision regarding disposition lies within the sound discretion of the district court so long as it falls within the parameters of K.S.A. 2016 Supp. 22-3716. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the

3

action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

K.S.A. 2016 Supp. 22-3716 includes a series of graduated intermediate sanctions that gradually increase depending upon the number of sanctions already imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, a district court is not required to impose an intermediate sanction if the offender commits a new felony or misdemeanor or absconds from supervision. K.S.A. 2016 Supp. 22-3716(c)(8). Here, it is undisputed that Taylor committed a new crime.

Nevertheless, Taylor argues that she has changed her character since committing her various crimes. She also argues that her commission of these crimes was a mistake and that she had been struggling to stay sober. According to Taylor, she had been sober while on probation and realized she needed treatment. She also notes that her crimes were nonviolent. Thus, Taylor contends that the district court went too far by requiring her to serve her full underlying sentences when an intermediate sanction or lesser sentence would have been sufficient.

Although it is possible that an intermediate sanction or a modified sentence may have served the interests of justice in this case, we do not find the sentence imposed by the district court to be unreasonable. A review of the record on appeal reveals that Taylor had difficulty complying with the terms of her probation and continued to commit criminal activity while on probation. Specifically, Taylor stipulated at the probation revocation hearing that she committed felony theft while she was on probation. Therefore, we conclude that the district court did not abuse its discretion by revoking Taylor's probation and ordering her to serve her underlying sentences.

Affirmed.

4